**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-20975

_____

BARBARA NORTON; ET AL,

Plaintiffs,

THERESA FUENTEZ,

Plaintiff - Appellant,

versus

HOUSTON INDUSTRIES INC; ET AL,

Defendants,

HOUSTON INDUSTRIES INC; HOUSTON LIGHTING & POWER
COMPANY; DON D JORDAN; DON D SYKORA; SUSAN FABRE

Defendants - Appellees.

IVIS W JOHNSON, SR; ET AL

Plaintiffs,

MARIA T FUENTEZ

Plaintiff - Appellant,

versus

THE HOUSTON LIGHTING & POWER COMPANY; ET AL

Defendants,

THE HOUSTON LIGHTING & POWER COMPANY; HOUSTON
INDUSTRIES INC; DON D JORDAN; DON D SYKORA

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
Docket No. H-94-CV-3358

February 25, 2002

Before JONES, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM[*]:

In this appeal, we decide whether the district court abused its discretion in refusing to reinstate Maria Theresa Fuentez's civil rights suit to the active docket.

Houston Light and Power Company (HL&P) fired about 1100 employees in June of 1992. The layoffs resulted in several class action lawsuits. Many of the terminated employees signed waiver forms, in which they waived any claims against HL&P in return for severance pay. The district court consolidated four lawsuits under the number H-92-3239 for the purposes of resolving the effect of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

signing the releases on the causes of action in the various lawsuits. Two of the four suits alleged state law claims. One alleged a violation of the Worker Adjustment and Retraining Notification Act (WARN). The final suit asserted claims under the Employee Retirement Income Security Act (ERISA) and the Age Discrimination in Employment Act (ADEA).

On April 5, 1994, the district court entered an order granting the defendants summary judgment against those plaintiffs who signed the releases. The district court held that the releases validly waived the plaintiffs' rights to sue. Some plaintiffs, however, had not signed the agreements. At least one plaintiff, Maria Theresa Fuentez, signed the waiver but later revoked within seven days, as permitted by the express terms of the release. The court in its April 5 summary judgment order noted that the "plaintiffs who did not sign the releases and the plaintiffs who revoked the release agreement within the seven-day period . . . have not waived their causes of action against the defendant." Those plaintiffs who had waived their rights filed a notice of appeal of the summary judgment.

On April 1, 1994, a new plaintiff class filed another lawsuit, No. H-94-1100, arising out of the 1992 layoffs. Fuentez was also a member of this class. The 94-1100 suit alleged "national origin discrimination" in violation of the Civil Rights Act of 1964. At the time of the April 5 summary judgment, H-94-1100 had not yet been consolidated with the other cases. H-94-1100 was consolidated with the other cases after the summary judgment, on July 19, 1994.

HL&P and the other defendants moved to dismiss H-94-1100. On November 4, 1994, the district court ruled on this motion. It observed that three classes of plaintiffs remained: some old plaintiffs who already had final judgment entered against them by the summary judgment order but were also members of the new class; some entirely new plaintiffs who sued after the April 5 order

entering summary judgment; and so me old plaintiffs whose claims were not addressed by the summary judgment order because they had not signed the releases. The district court dismissed the plaintiffs–both new and old–whose claims had already been adjudicated; that is, those who signed the releases. The new plaintiffs who had signed releases were permitted to join the appeal of the summary judgment order before the court of appeals.

As to the remaining plaintiffs–both new and old–who had not executed the releases, the district court gave leave to proceed. Fuentez is undisputably among these plaintiffs.

On February 10, 1995, a panel of this circuit upheld the district court's summary judgment against the plaintiffs who had signed releases. *Norton v. Houston Industries*, 48 F.3d 530 (5th Cir. 1995) (Table). The Supreme Court denied certiorari.

About three years later, the Supreme Court decided *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998). The plaintiffs who had signed the releases thought that the *Oubre* case undermined the rationale of the district court and the panel of this circuit in upholding the validity of the releases. On January 26, 1999, they moved to "reinstate" the case pursuant to FED. R. CIV. P. 60(b); that is, they moved for relief from the final judgment of the district court against them. The district court denied both the Rule 60(b) motion and a subsequent motion by these plaintiffs for a new trial. The plaintiffs appealed, and we dismissed the appeal for failure to pay docketing fees.

On May 19, 2000, Fuentez–who was not among the plaintiffs who executed a release–moved to reinstate her claim in 94-1100, the civil rights case, to the active docket. This motion was *not* a Rule 60(b) motion, as there had never been any final judgment against Fuentez. The Rule 60(b) motion applied only to those plaintiffs who had signed the releases, and whose claims were therefore adjudicated by the summary judgment order of April 5, 1994 or the application of that order to some

of the 94-1100 plaintiffs by the order of November 4, 1994. As to those civil rights suits plaintiffs who did not sign releases, their case was never tried or otherwise adjudicated.[1] There was therefore no final judgment from which they could seek relief.

The district court nevertheless denied Fuentez's motion to reinstate her case, reasoning that Fuentez "along with several other plaintiffs proceeded on appeal when the Court did not rule favorably [on the Rule 60(b) motion]" and that the appeal was dismissed for failure to pay fees. As such, the district court determined that Fuentez was barred from filing a second motion to reinstate the case. Fuentez filed a motion asking the district court to reconsider its decision; the district court denied this motion. Fuentez now appeals the district court's refusal to reinstate her case to the active docket.

We review a district court's refusal to reinstate a case to its active docket for abuse of discretion. *Maxey v. Citizens Nat. Bank*, 459 F.2d 56, 57 (5th Cir. 1972). Here, the district court abused its discretion. The simple fact is that Maria Fuentez's claim of national origin discrimination has never been addressed. Her national origin discrimination claim was not addressed in the summary judgment order in H-92-3932, because the civil rights suit was not yet a part of that consolidated case. Her claim was not adjudicated by the district court's order of November 4, 1994, because that order expressly–by name–allowed Fuentez to proceed as a plaintiff who had not executed the release. Likewise, the Rule 60(b) motion had nothing to do with Fuentez. It was signed only by Attorney Musslewhite, who was not Fuentez's attorney. Mark McDonald, Fuentez's attorney, did not sign the motion. As there was no final judgment against her, Fuentez had no reason to file a Rule 60(b)

_____

[1]Other than Fuentez, all of the other plaintiffs in this position have now settled their disputes with the defendant.

motion.   Moreover, the Rule 60(b) motion (and the final judgment which it sought to upset) concerned only the validity of the waivers, which Fuentez had not executed.

Due process entitles Fuentez to a day in court.   As her claim of national origin discrimination has not been adjudicated in any way, we REVERSE the district court's refusal to reinstate her case to the active docket and REMAND for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.